CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 21, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **CHARLES RYAN HORNE,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:26-cv-00296** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DR. JANUS, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Charles Ryan Horne, ("Horne"), a Virginia inmate proceeding *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983.  Horne names Dr. Janus, the Western State Mental Hospital Records Treatment Team, and Josoph Kinsielo, medical psychiatric doctor and evaluator, as defendants, alleging that the defendants violated Horne's constitutional rights by prescribing medication that caused weight gain, elevated blood pressure, and nighttime incontinence as side effects.  Horne is requesting monetary damages, attorneys', and medical fees.

This matter is before me for preliminary screening, pursuant to 28 U.S.C. § 1915A(a).  Having reviewed the complaint, I will dismiss the claims without prejudice because Plaintiff has failed to state a claim upon which relief may be granted.

## I.      Background

Horne is presently incarcerated at the Rockbridge Regional Jail in Lexington, VA and was previously confined at Western State Hospital in Staunton, VA.  The Complaint does not clearly identify at which facility the events occurred.  Furthermore, the allegations appear to relate only to actions undertaken by Defendant Dr. Janus and Horne fails to explain how Western State Mental Hospital Records Treatment Team and Josoph Kinsielo violated his Eighth Amendment right.

In his Complaint, Horne alleges that Defendant Dr. Janus, a psychiatrist, prescribed Horne medications in or about March 2024 through August 2024, which were "unhealthy" and that the Defendant Dr. Janus "refused to change them." Compl. at 4, ECF 1. According to Horne, he gained weight and experienced other unpleasant side effects, including elevated blood pressure and nighttime incontinence. Plaintiff asserts that the conduct violated his rights under the Eighth Amendment.

## II.    Standard of Review

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must "dismiss the complaint, or any portion of the complaint," if it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). While a *pro se* complaint must be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the court cannot ignore a clear failure in the pleadings to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do'… Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" (internal citations omitted)).

## III.    Discussion

Horne presents his claims under § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). "To state a claim

under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Eighth Amendment Claims

Horne appears to be claiming that Defendant Dr. Janus violated his right to reasonable medical care under the Eighth Amendment.  "The Eighth Amendment, which is applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'"  *Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017) (quoting U.S. Const. amend. VIII).  "Under the Eighth Amendment, prisoners have the right to receive adequate medical care while incarcerated."  *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018).  An Eighth Amendment violation occurs when a prison official or healthcare provider "demonstrates 'deliberate indifference' to an inmate's serious medical needs."  *Id*.

An Eighth Amendment claim of deliberate indifference has two components.  *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).  The plaintiff must show that he had serious medical needs (the objective component) and that a defendant acted with deliberate indifference to those needs (the subjective component).  *Hixson v. Moran*, 1 F. 4th 297, 302 (4th Cir. 2021).  A medical need is sufficiently serious for purposes of the objective component "when it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gordon v. Shilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted).

The subjective component requires an inmate to show that a defendant "subjectively knew of and disregarded an excessive risk to the inmate's health or safety."  *Hixson*, 1 F. 4th at 302.  "That is a higher standard for culpability than mere negligence or even civil recklessness,

3

and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson*, 775 F. 3d at 178. To establish an Eighth Amendment violation, "it is not enough that an official *should* have known the risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id*.

The United States Court of Appeals for the Fourth Circuit has explained that the mere fact than an inmate received "*some* treatment" for a condition does not necessarily mean that an inmate received "*constitutionally adequate* treatment." *De'Lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013). Nevertheless, an inmate "does not enjoy a constitutional right to the treatment of his or her choice," *id*., and a mere "[d]isagreement[] between an inmate and a physician over the inmate's proper medical care … fall[s] short of showing deliberate indifference." *Jackson*, 775 F.3d at 178 (internal quotation marks omitted). Instead, "the treatment given must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Hixson*, 1 F. 4th at 303 (internal quotation marks omitted).

Here, Horne has failed to allege either prong necessary to state a claim for denial of his Eighth Amendment right. First, Horne has not alleged a sufficiently serious medical need and claims only that he is experiencing some weight gain, elevated blood pressure and nighttime incontinence, all of which are common side effects to prescription medication. Moreover, even assuming Horne has established a serious medical need, he has failed to allege facts sufficient to prove deliberate indifference. The facts as alleged appear to be a disagreement with the course of treatment, which is insufficient to support the finding of an Eighth Amendment violation.

Furthermore, Horne fails to allege any facts against Defendants Western State Mental Hospital Records Treatment Team and Josoph Kinsielo or state how either defendant was involved in the alleged Eighth Amendment violation.

**IV.      Conclusion**

Accordingly, for the foregoing reasons, the court will summarily dismiss Horne's complaint, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), because his claims fail to state a claim for which relief may be granted.

Enter:  July 21, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge